In the Matter of LOTTIE E. DAVIES, An Incompetent Person.

Supreme Court, Special Term, New York County, December 17, 1942.

*William P. Thomas* for Bernard Davies et al., moving parties.

*Ehrich, Royall, Wheeler & Walter* for Manfred W. Ehrich, as committee.

McGEEHAN, J. The original application having been instituted by a notice of motion rather than an order to show cause, the same is regarded as one within the purview of section 1377 of the Civil Practice Act rather than a special proceeding to remove the committee. Since section 1377 subjects the committee to the direction and control of the court by which he was appointed, this court will proceed thereunder. In view of the policy enun-

ciated by the Court of Appeals in *Matter of Rothman* (263 N. Y. 31), regarding the consideration that should be shown by the courts to the wishes of the next of kin and the relatives of the incompetent in the matter of the selection and appointment of the committee for the incompetent, this court finds no justification to disregard this clearly defined policy when these same next of kin and relatives present objections to the court to the continuation of the relationship theretofore established. When these objections are found, as in this instance, to be predicated upon facts and circumstances that might cause a reasonable man to seek a change, certainly this court has the power to act notwithstanding the fact that the committee has not been found to have committed any overt act of malfeasance as to the incompetent's interest. Each application must be considered on its own facts and circumstances. Even though the rights of the incompetent are always paramount, yet persons in the position of the moving parties upon this application have sufficient rights in the matter to be recognized by both the committee and the court. Of course a committee should never be at the mercy of the whims and caprices of any relative or next of kin of the incompetent, and he must be upheld at all times in his refusal to accede to such whims and caprices. This is, however, not such an instance. Here, not one interested relative but all of the interested relatives unite in opposing the continuation after these same persons originally united in recommending the selection and appointment of the committee, and they satisfactorily establish facts which, while not constituting malfeasance on the part of the committee, are sufficient to cause a reasonable man to act as herein. Under such circumstances this court will not uphold the committee's contention that he has secured a tenure that forever estops these parties from making this application unless they can establish that he has specifically committed malfeasance in his official capacity. Certainly there are grounds that are sufficient to grant relief to the moving parties which do not amount to malfeasance in office.

This court finds that the basis for the application to discontinue the relationship is certainly not unreasonable, arbitrary, or capricious, and relief should be granted to the moving parties.

Upon the facts found by this court, this court grants the motion to confirm the referee's report accordingly.

Settle an order providing that the committee be allowed to resign and reserving the right to institute further proceedings in accordance with this disposition.

The cross-motion to reject the referee's report is accordingly denied to the extent indicated herein.