Joseph F. Hawkins, J.
The respondents, the Commissioners of Election of the Board of Elections, Dutchess County, and the County of Dutchess, move to dismiss the proceeding at bar on the grounds that the court lacks jurisdiction both in personam *975 and in rem. Were it not for the inexorable timetable — Election Day occurring only two weeks hence — we should embark on a comprehensive review and critique of both the remedy invoked by petitioner and the motion by respondents. It suffices, under the circumstances, to note merely that the respondents in support of their motion to dismiss urge, inter alia, that the court lacks jurisdiction because of the petitioner’s failure to file written objections pursuant to section 145 of the Election Law; that section 330 provides the sole remedy, petitioner having failed to invoke the former section; and, ultimately, that neither an article 78 proceeding nor a taxpayer’s action lies.
The motion to dismiss is denied in all respects. We eschew an extended discussion of the remedy resorted to by petitioner and the technical objections interposed by the respondents. We prefer to render an expeditious and complete disposition — and the circumstances so dictate.
The petitioner having no administrative remedy available, we do not regard it as of consummate importance that other and perhaps more appropriate judicial remedies could have been resorted to, for, under the circumstances, the confused electoral situation requires judicial review and resolution — nor should such determination on the merits be deferred until after it can have no effective impact on the impending elections. It is also obvious that granting the motion would neither remove the omnipresent sword of Damocles hovering over the electorate of the Town of Hyde Park; nor would they be spared the Hobson’s choice now confronting them come Election Day. Further, if William Parties, the dual nominee were to be elected to both positions, this or some other court would then be presented with one of several new proceedings, one of which would undoubtedly be similar to that employed in Knauf v. County Legislature of County of Monroe (27 A D 2d 440; 53 Misc 2d 917).
We thus deem it to be in the interests of the integrity and validity of the electoral process that the matter at bar be considered and adjudicated on the merits.
The County of Dutchess as part of its reorganization necessitated by reapportionment, has created a Board of Representatives to replace the present Board of Supervisors, effective January 1, 1968. The dual roles and functions heretofore performed by a Supervisor, i.e., local executive officer and member of the County Legislature were legislatively attenuated, for the legislative scheme soon to become operative creates a separate and distinct official — a County Representative — who may or may not also occupy the office of Supervisor. Under the *976 previous legislative pattern, all supervisors were by virtue of their office ipso facto members of the Board of Supervisors; in fact they are presently the sole constituents of that legislative body.
The respondent William Bartles has been designated as the Republican candidate for both offices of County Representative for District No. 4 and of Supervisor for the Town of Hyde Park. The constituencies of both offices, however, are not identical, for the former, i.e., County Representative, includes both the Towns of Hyde Park and of Clinton, whereas the latter, the office of Supervisor, for which said respondent is also the nominee, is confined to the Town of Hyde Park.
From the extensive arguments which have been offered to this court, we distill the following, which, we believe, to be significantly relevant and germane to resolving the issue. Section 147 of the Election Law was most recently amended by chapter 437 of the Laws of 1967. It was approved by the Governor and made effective simultaneously on April 18, 1967. The Governor rendered no message in conjunction with his approval; nor was there a memorandum by the Legislature. There, however, was a memorandum in support offered by the Department of Law of the State of New York, which State agency drafted the legislation. Prior to its amendment, section 147 simply provided that: “A person shall not be nominated for a public"office who is not a citizen of the state of New York.” The amendment added the following new conditions which now render a candidate ineligible by extending such ineligibility to include one who: “ * * * (2) is ineligible to be elected to such office; or (3) who, if elected, will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof.”
In support of these amendments, the Attorney-General of the State of New York noted that, under then existing statutory language, it was possible to nominate a candidate who, if elected, could not serve. The illustration offered was that of the Socialist Workers Party candidate for Governor who was then only 28 years of age and, hence, constitutionally ineligible for that office.
Further, citing Matter of Lindgren v. Board of Elections of City of N. Y. (232 N. Y. 59, 64) in which the Court of Appeals held: “ A person to be nominated under the Election Law must be one who, at the time of his election, can take and hold his office. Neither of these nominees, if elected, could hold office ”, the Election Law, the Attorney-General noted, did not *977 then bar such person from being nominated for that office, since, under such circumstances, as held in Matter of Lindgren (supra, p. 63): “As a matter of constitutional law, any certificate the appellants could issue to him would be an absolute nullity”. The Attorney-General urged that the case law be incorporated into 1 ‘ specific statutory language ’ ’, and the Legislature so did.
It thus appears quite clear that section 147, as amended, renders the nomination of a candidate who is constitutionally and statutorily ineligible to serve to be a nullity.
It is not without significance that Judge Benjamin Gassman in his authoritative text ‘ ‘ Election Law Decision and Procedure ”, prior to section 147 being amended, commented that: “ There is a line of cases which hold that a person would be disqualified from running for two public offices or party positions at the same election, even though he might be qualified to hold either one of them. (In re Ryan, 172 Misc. 105, 14 N. Y. S. 2d 541, aff’d in 257 App. Div. 1068; In re McCall, 179 Misc. 732, 37 N. Y. S. 2d 739 ; reversed in 264 App. Div. 954, 37 N. Y. S. 2d 284; order of Appellate Division reversed in 289 N. Y. 104.) "While there is nothing in the Election Law or in the Constitution specifically prohibiting a person from appearing on the same ballot as a candidate for more than one public office, the spirit and intent of the Law forbids such a dual nomination.” (Vol. 2, p. 539.)
Whether or not the two nominations of the respondent Bartles come within the proscribed multiplicity of office is resolved by section 411 of the County Law, entitled: ‘ ‘ Holding more than one elective office”. That statute in its entirety reads: “No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor.” There is, in our opinion, no question but that if Bartles were to be elected as both County Bepresentative and Supervisor, he would be occupying more than one of the prohibited number of “ elective ” offices “ at the same time ’
As to whether or not a Town Supervisor is an elective officer, the holding by the Appellate Division, Fourth Department, in Knauf v. County Legislature of County of Monroe (supra) was unequivocally answered in the affirmative. At page 441 of that opinion, that court held: “ It is clear that the County Legislator is not an officer of such district but is a county officer. While the Chairman of the county legislative body had the *978 initial right to raise the legal issue of plaintiff’s eligibility to be a member of that body, we resolve the issue by a determination that plaintiff was improperly denied the right to be seated as a member thereof. A Town Supervisor is an elective town officer (Town Law, § 20, subd. 5).” '
We now consider the question of whether the county may by local law supersede the unambiguous provisions of section 411 of the County Law. There is no doubt that it is of “ general ” rather than ‘1 special ’ ’ applicability and import; and it is horn-book law that when the State Legislature has enacted a general statute albeit, under certain circumstances, it may be rather parochial in effect, it is beyond the competence of a lesser local legislature to amend or to vary such general statute. On this point, the language of Judge Cooke in Shilbury v. Board of Supervisors of County of Sullivan (54 Misc 2d 979, 980, 981), is particularly apposite: “ It is well settled that a statute need not apply to all persons or places in the State in order to be deemed general in nature; it may be limited in its application according to specified conditions which are common to a class and reasonably related to the subject matter (Matter of Cutler v. Herman, 3 N Y 2d 334, 338; Matter of New York El. R. R. Co., 70 N. Y. 327, 350; Wholesale Laundry Bd. of Trade v. City of New York, 43 Misc 2d 816, 818, affd. 22 A D 2d 762, affd. 15 N Y 2d 604). Section 411 of the County Law does not apply to all persons in the State but it does relate to a class of persons and is applicable to said class and all in said class in each and every county of the State. It does not relate to particular persons in the class. It is a general law.”
Respondents conclude their presentation by citing this court’s opinion in Matter of Ragonetti (Oct. 19, 1967) for the proposition that jurisdiction does not lie since other nominees who are not joined may be adversely affected. We hold that determination inapplicable to the matter at bar. We are furthermore not unmindful that there are some seven situations similar to the one at bar confronting the Board of Elections and the electorate of Dutchess County, for our attention was called to this during the oral argument of the within proceeding. To require the petitioner to have joined all candidates who might be similarly situated would be to impose an impossible, unrealistic and insurmountable burden upon the petitioner. The legal status of the other candidates may possibly be affected by the within disposition, but their nominations are not attacked and are not part of the present proceeding. The time factor would have prevented their intervention even if they had been so *979 advised. The overriding need for immediate decision in election proceedings of this nature binds the court to its course.
The petition is granted. No costs.
Taking cognizance of the time factor involved, the parties are peremptorily directed to appear at Chambers at noon on October 26,1967, to submit appropriate orders.