W. Vincent Gbady, J.
The Board of Supervisors of the County of Rockland on June 24, 1969, adopted Resolution No. 311 containing a plan for reapportionment. This plan of reapportionment was challenged in the case of Abate v. Mundt, but was approved, with modifications, by judgment dated July 31, 1969, of Mr. Justice Joseph F. Hawkins (Supreme Court, Rockland County, unreported), which was affirmed by the Appellate Division, Second Department (33 A D 2d 660) and by the Court of Appeals (25 N Y 2d 309). The United States Supreme Court has granted a petition for a writ of certiorari (397 U. S. 904) and the appeal is now pending hearing and determination.
The petitioners in the instant proceeding seek an order and judgment pursuant to section 330 of the Election Law and article 78 of the CPLR restraining the Commissioners of Elections from accepting and filing the certificate of nomination of respondent James P. Rice as the Republican Party candidate for the office of County Legislator, and from placing his name on the ballot for such office for the November election, and directing the County Legislature to cancel its resolution dated June 29, 1970 purporting to seat respondent Rice as interim appointee for the office of County Legislator, and removing him from said office. Section 3 of the plan of reapportionment insofar as pertinent to the present proceeding provides: “ No county legislator shall be eligible to hold at the same time any other elective federal, state, county, town, village or school district office except for the duly elected supervisors of the towns.”
The court is aware of the decision of Mr. Justice John H. Galloway dated April 29, 1970 (Reisman v. Lepori, Sup. Ct., Rockland County, Index No. 336-70) in which he held that: ‘ ‘ this action would appear to be premature insofar as the proscription in Section 3 of the Plan is concerned until the pending challenge to the constitutionality of the Plan is disposed of in the United States Supreme Court. ’ ’
However, modifications of the reapportionment plan pursuant to the judgment of Mr. Justice Hawkins, which is now the law of this State, having been affirmed by the Court of Appeals, do not affect the above-quoted portion of section 3 of the plan. The Supreme Court of the United States in determining the appeal in Abate v. Mundt will address itself only to the constitutionality of the plan, and the provision of the plan prohibiting County Legislators from holding another public office will not be affected by the United States Supreme Court decision.
*188 Petitioners contend that section 3 of the reapportionment plan results in the ineligibility of respondent Rice to hold the offices of County Legislator and Village Mayor simultaneously, and that section 147 of the Election Law,, as amended by chapter 437 of the Laws of 1967, renders respondent Rice ineligible to be nominated for the office of County Legislator.
In Matter of Brayman v. Stevens (54 Misc 2d 974, affd. 28 A D 2d 1090, affd. 20 N Y 2d 868) a Town Supervisor was held to be ineligible to be elected within the meaning of section 147 of the Election Law as it would result in a violation of section 411 of the County Law. The court there held that a local law of Dutchess County in which Supervisors of towns in the County of Dutchess were eligible to be elected as members of the County Board of Representatives did not supersede the “general law ”, section 411 of the County Law, which proscribed the dual holding of such offices. Subsequent to the Brayman decision, the Legislature enacted subparagraph (13) of section 10 (subd. 1, par. a, subpar. [13], cl. [b]) of the Municipal Home Rule Law (L. 1969, ch. 834) which provides as follows: “ A plan of apportionment, adopted by a county under this subparagraph may provide that mayors of cities or villages, supervisors of towns or members of the legislative bodies of cities, towns, or villages, who reside in the county shall be eligible to be elected as members of the county legislative body.”
The Court of Appeals in Abate v. Mundt (supra) held that the Brayman decision and section 411 of the County Law were obviously inconsistent with the amendment to section 10 of the Municipal Home Rule Law and that the latter was controlling (25 N Y 2d, at p. 318). The provision in section 3 of the plan of reapportionment adopted by the Rockland County Legislature is directly contrary to section 10 of the Municipal Home Rule Law and in apparent conflict with subdivision 4 of section 4-404 of the Village Law which provides: “ Except as is otherwise expressly provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless- there results a conflict of interest.”
This section is the converse of section 411 of the County Law which prohibits an elected county officer from holding any other elected county or town office. Both petitioners and respondent Rice cite the case of Knauf v. County Legislature of Monroe County (27 A D 2d 440) in which the Appellate Division, Fourth Department, held that an incumbent Town Supervisor under the provisions of section 411 of the County Law is not eligible to hold at the same time the office of County *189 Legislator. Plaintiff was declared to be eligible to hold the office of County Legislator but ineligible to be Town Supervisor. Respondent Rice asserts that he is not barred from running or holding office by reason of section 411 of the County Law under the Knauf decision since there is no reference to village officers in section 411 and that the local resolution of the County Legislature may not supersede the provisions of section 411. Subdivision 4 of section 4-404 of the Village Law, not section 411 of the County Law, determines the eligibility requirements for election, appointment and continuance in office of village officers.
The principal issue herein is whether section 3 of the plan of reapportionment adopted by the Rockland County Legislature supersedes the provisions of subdivision 4 of section 4-404 of the Village Law. There is no doubt that the Village Law is of “ general ” rather than “ special ” applicability and import (Matter of Brayman v. Stevens, 54 Misc 2d 974, 978, supra). On the other hand, it is questionable whether section 3 of the plan (i.e., Resolution No. 311 Adoption of Plan Providing for Re-apportionment for Rockland County) is a law which supersedes the Village Law and renders respondent Rice ineligible to be nominated for and hold the office of County Legislator while still retaining his office as Village Mayor. If the Village Law controls, respondent is eligible to hold and run for the office of County Legislator while continuing to serve as Village Mayor. If section 3 of the plan of reapportionment governs-, then respondent Rice is not eligible to hold the office of Village Mayor at the same time that he is serving as County Legislator.
Section 147 of the Election Law provides that a person shall not be nominated for office who “ (2) is ineligible to be elected to such office; or (3) who, if elected, will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof.”
In Matter of Brayman v. Stevens (supra) the respondent Parties was a candidate for two offices, Town Supervisor and County Representative. The court held that where a person is running for two public offices at the same election, even though he might be qualified to hold either one of them, he is ineligible for nomination (54 Misc 2d, at p. 977).
Respondent Rice is running for only one office, that of County Legislator. Although section 3 of the reapportionment plan prohibits a County Legislator from holding a village office, there is no specific prohibition for running for County Legislator while still retaining a village office. The Village Law *190 specifically permits an elected village official to hold any other public office.
Accordingly, the court holds that respondent Bice is eligible for nomination as candidate of the Bepublican Party for the public office of County Legislator of the County of BocHand from the Town of Bamapo. If the holding herein were otherwise, no person holding public office in this State would be eligible to be nominated to a different public office.
A closer question is presented as to whether respondent Bice may now hold the office of County Legislator by interim appointment while still retaining his office as Village Mayor of the Village of Suffern.
Subdivision 4 of section 4-404 of the Village Law permits such dual holding “ except as is otherwise provided by law ”. The BocHand County reapportionment plan which was adopted by the BocHand County Legislature pursuant to Besolution 311 dated June 24, 1969, is not a law enacted by a legislative body; however, it is a legislative plan which has received judicial approval by the State’s highest court. Judicial decisions and judgments come within the definition of the term “law” (Black’s Law Dictionary [4th ed.]; West v. American Tel. & Tel. Co., 311 U. S. 223). Since the entire reapportionment plan adopted by the Bockland County Legislature has been held constitutional by the New York Court of Appeals and the appeal to the United States Supreme Court does not involve the issue of the constitutionality of section 3 of the plan, the plan is “ law ”. The exception made in subdivision 4 of section 4-404 of the Village Law mandates a construction in this proceeding that respondent Bice,, while he is holding the position of County Legislator, is ineligible to hold1 a village office pursuant to the express provisions of section 3 of the reapportionment plan. Although the Village Law section in issue and the reapportionment plan appear to be incompatible and in conflict, when read in light of the exception contained in the Village Law and the express provisions of the reapportionment plan, they are consistent with the holding herein that the respondent Bice is ineligible to hold the office of Village Mayor.
Petition is denied insofar as it seeks to restrain respondent Commissioners of Elections from accepting and filing the certificate of nomination indicating the nomination of respondent James P. Bice as the candidate of the Bepublican Party for the public office of County Legislator of the County of Bock-land from the Town of Bamapo and from placing his name on-the ballot for such office for the general election to be held on November 3, 1970. Petition is denied insofar as it seeks *191 to cancel and rescind the resolution of the respondent the County Legislature of the County of Rockland purporting to seat James P. Rice as the interim appointee for the public office of County Legislator of the County of Rockland from the Town of Ramapo, and to remove him from said public office; however, petitioners are entitled to a judgment declaring that respondent Rice is not eligible to hold the office of Mayor of the Village of Suifern, and, that office being vacant, a successor may at once be appointed to fill the vacancy (Knauf v. County Legislature of Monroe County, 27 A D 2d 440, 442, supra).
Taking cognizance of the time factor involved, the parties are peremptorily directed to appear at Chambers, Rockland County, New City, New York, on September 22, 1970, to submit the appropriate order and judgment.