■ In the Matter of JOHN W. JONES, Respondent, v. MICHAEL A. GALLO, Appellant.— Order unanimously affirmed, without costs. Memorandum: A petition designating respondent for the office of County Legislator for the 17th District of Erie County in the Republican Party Primary Election of September 14, 1971 was filed on July 29, 1971 with the Board of Elections of Erie County pursuant to section 143 of the Election Law. On August 2 appellant Michael A. Gallo filed objection to the petition and on August 6 he filed specifications of his objections in accordance with section 145 of the Election Law. Under the latter section, if and when the Board of Elections should make a determination that the petition was insufficient, it was required to "give notice of the determination forthwith by mail to each candidate named in the petition * * * and * * * to the objector". On August 19, 1971 a member of the Election Board notified petitioner by telephone that his petition was insufficient and had been rejected for the sole ground that the subscribing witnesses had set forth

their last year of registration as 1971 instead of 1970. Under subdivision 1 of section 330 of the Election Law that day, August 19, was the last day provided for petitioner to institute a proceeding under the Election Law to compel the Board of Elections to accept his petition. Although he had not yet received the formal notice to which he was entitled from the Board of Elections, that is, by mail, petitioner on that day, August 19, petitioned the Supreme Court for an order directed to the Board of Elections and objector Gallo, requiring them to show cause why his petition should not be accepted as valid. Such show cause order was issued, returnable on August 26; and it was served on the Board of Elections personally on August 19 and by mail on objector Gallo on August 20. After hearing the show cause order, Special Term granted the petition; and from the order entered thereon, objector Gallo appeals. Appellant contends that Special Term lacked jurisdiction to make the order because the proceeding was not instituted by August 19 as required by subdivision 1 of section 330 of the Election Law since the order to show cause was served on him after that date; and also that one Wolf who had qualified for the same office in the Republican Primary of September 14 was not made a party. Mr. Wolf's nomination is not under attack in this proceeding, and we hold that he is not a necessary party (*Matter of Brayman* v. *Stevens*, 54 Misc 2d 974, 978, affd. 28 A D 2d 1090, affd. 20 N Y 2d 868; *Matter of Maniscalco* v. *Power*, 8 Misc 2d 927, affd. 4 A D 2d 479, affd. 3 N Y 2d 918). We are required (Election Law, § 330) to construe liberally the Election Law to the end that the voters be afforded the fullest opportunity to exercise their franchise. Having in mind this principle and the broad powers granted to the Supreme Court to make such orders as justice may require in election cases (*Matter of Rosen* v. *McNab*, 25 N Y 2d 798, 799), upon the facts and the record in this case we determine that Special Term had jurisdiction of this proceeding and that petitioner substantially complied with the necessary formal requirements for his petition (Election Law, § 135, subd. 2); and that Special Term's order should be affirmed. (Appeal from order of Erie Special Term directing acceptance of designating petition.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ. (Order entered Sept. 9, 1971.)