■ In the Matter of DAVID S. BRODERICK, Appellant, v NORTON AU-RIGEMA et al., Constituting the Board of Elections of Niagara County, and RAYMOND R. WALKER, Respondents.—Order unanimously reversed, without costs, and petition granted. Memorandum: This is an appeal by petitioner David S. Broderick from an order of Supreme Court, Niagara County, which dismissed petitioner's proceeding, as a matter of law, on the ground that the duly designated candidate of the Conservative Party for the office of Niagara County Executive, one Leonard C. Gademsky, Jr., was not joined as a necessary party. An opposition candidate whose nomination is not in issue is not a necessary party in a Supreme Court proceeding to review a determination of the Board of Elections, and Special Term had jurisdiction *(Matter of Jones v Gallo,* 37 AD2d 793). We therefore consider the merits of the petition. Although the Board of Elections advised petitioner that 44 signatures were required to validate his petition, it appears that the previous Conservative Party enrollment was 887 and therefore a minimum of 45 signatures is required to validate the petition (Election Law, § 136). During the administrative process the Board of Elections validated 40 of petitioner's signatures. At Special Term the board conceded that three of the previously invalidated signatures were valid and Special Term determined as a matter of law that a fourth signature should also have been validated, making a finding of a total of 44 valid signatures. This court takes judicial notice of the public records supplied by counsel at oral argument. Among the invalidated signatures were those of some subscribers whose signatures were invalidated because of failure to specify the correct election district although their statement of residence was correct and they are residents of Niagara County. To invalidate these signatures upon such technical objections would disenfranchise the signatories who have substantially complied with the Election Law. We therefore validate these signatures which gives petitioner more than the required number of signatures. (Appeal from order of Niagara Special Term in proceeding to validate petitions filed for write-in ballot.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ. (Order entered August 27, 1975.)

■ COURTNEY B. CRANE, Appellant, v CONCETTA G. CRANE, Respondent. —Order unanimously affirmed, with costs. Memorandum: Although the divorce transformed the tenancy by the entirety in the family residence into a tenancy in common, Special Term's interpretation of the divorce decree and the separation agreement incorporated therein as granting the wife possession and use of the home as part of her support is reasonable. This partition action, therefore, constitutes a collateral attack upon the divorce decree. We affirm without prejudice to appellant's institution of proceedings, if so advised, for modification of the agreement and divorce decree to eliminate respondent's apparent right to retain possession and use of the residence *(Ripp v Ripp,* 38 AD2d 65, affd on opn at App Div 32 NY2d 755; *Schaerr v Schaerr,* 38 AD2d 581; *Davies v Davies,* 65 Misc 2d 480). (Appeal from order of Monroe Special Term in partition action.) Present—Marsh, P. J., Mahoney, Goldman, Del Vecchio and Witmer, JJ.