■ In the Matter of Alan D. Goldstein, Appellant, v Arthur J. Carlsen et al., Constituting the Board of Elections of the County of Erie, and Anthony P. Costantino, Respondents.—Order unanimously affirmed, without costs. Oral motion for leave to appeal to the Court of Appeals granted. Memorandum: Petitioner filed designating petitions as candidate for the Democratic Party nomination for the position of Associate Judge of the City Court of Buffalo. Special Term upheld the board of elections' determination which invalidated the designating petitions on the ground of insufficient valid signatures. Initially we note that there is no merit to respondent Costantino's contention that this proceeding should be dismissed for petitioner's failure to join rival candidates who were not also objectors *(Matter of Jones v Gallo,* 37 AD2d 793; see also, *Matter of Brayman v Stevens,* 54 Misc 2d 974, affd 28 AD2d 1090, affd 20 NY2d 868; *Matter of Broderick v Aurigema,* 49 AD2d 799). Petitioner urges that the board and Special Term improperly invalidated sheets of his petition containing approximately 100 hundred signatures subscribed by two witnesses who incorrectly listed their election districts. The provisions of subdivision 3 of section 135 of the Election Law must be strictly followed *(Matter of Maurin v Allis,* 28 AD2d 810, affd 20 NY2d 671). The subscribing witness' failure correctly to state his election district requires that the signatures so witnessed be invalidated *(Matter of Rutter v Coveney,* 38 NY2d 993; *Matter of Clune v Hayduk,* 34 NY2d 965; *Matter of Flanagan v Schwartz,* 54 AD2d 745, affd 40

NY2d 910; *Matter of De Bruin v McGee,* 54 AD2d 745, affd 40 NY2d 909; *Matter of Maurin v Allis, supra; Matter of Periconi v Marotta,* 34 AD2d 1035). Petitioner also claims that 66 signatures were improperly invalidated when the board determined that the signators were not registered and enrolled in the election district of their residence. The record fails to demonstrate that those signatures are of individuals who were duly registered and enrolled voters at the time of execution. Where a petition is invalidated by the board of elections and a proceeding is instituted to reinstate the petition, the burden of proof is on the candidate to establish that the petition is valid *(Matter of Bloom v Power,* 21 Misc 2d 885, affd 9 AD2d 626, affd 6 NY2d 1001; 2 Gassman, Election Law [2d ed], § 125). Petitioner has wholly failed to sustain that burden *(Matter of Sims v Board of Elections of Erie County,* 30 AD2d 766, affd 22 NY2d 755; *Matter of Lemishow v Previte,* 51 AD2d 1049; *Matter of Civilette v Caccamise,* 42 AD2d 1026). Finally, petitioner's argument that he was denied due process of law is without merit. (Appeal from order of Erie Supreme Court—Election Law.) Present—Marsh, P. J., Simons, Dillon, Denman and Witmer, JJ. (Decided Aug. 24, 1977.)