■ In the Matter of LAWRENCE MIELNICKI et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [637 NYS2d 808] —Per Curiam. Appeal from an order of the Supreme Court (Harris, J.), entered February 8, 1996 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioners as delegates and alternate delegates from the 18th Congressional District to the 1996 Republican National Convention in the March 7, 1996 primary election.

Late in the afternoon of January 4, 1996, the last day for filing the documents at issue here, Robert Penna filed designating petitions with respondent State Board of Elections (hereinafter the Board) on behalf of petitioners. The petitions designated petitioners as candidates for delegate or alternate delegate positions from the 18th Congressional District to the 1996 Republican National Convention, pledged to support the presidential candidacy of Steve Forbes.

The cover sheet of the petitions stated that seven volumes were being submitted for filing, containing a total of 1,849 signatures. Michelle Schweda, a Board employee, accepted the petitions for filing. Schweda then gave Penna a receipt entering thereon the numerical information that was written on the cover sheet of the petitions, i.e., that seven volumes containing 1,849 signatures were to be filed. Upon sorting the volumes shortly after her receipt thereof, Schweda discovered that only six volumes had been filed by Penna.

On January 5, 1996, counsel for the Board called the Forbes

campaign, advising that six volumes of signatures, not seven, were currently in the Board's possession. The original copy of the missing seventh volume, alleged to contain 337 signatures, was never found. On January 9, 1996, Thomas Spargo, petitioners' attorney, delivered a photocopy of the seventh volume to the Board. The 337 signatures contained therein, however, were not counted by the Board toward the total number needed for petitioners' designation.

General and specific objections against the petition were filed, resulting in a hearing before the Board where it was determined that the cover sheet of the petition had overstated by 337 the number of signatures filed with the Board on petitioners' behalf. Pursuant to Election Law § 6-134, the Board did not count the 337 signatures and invalidated 337 of the signatures in the remaining volumes as a statutory penalty. The Board then invalidated on other grounds 65 of the signatures contained in the six volumes that had been filed, leaving a total of 1,110 valid signatures in support of petitioners' candidacy, 140 signatures short of the 1,250 required to place petitioners on the ballot for the March 7, 1996 primary.

Petitioners then commenced this proceeding pursuant to Election Law § 16-102 to validate their designating petitions. Supreme Court dismissed the petition. Petitioners appeal.

Petitioners contend that Supreme Court erred by determining that there was insufficient evidence to show that the seventh volume existed on January 4, 1996. Petitioners argue that the court gave too much weight to the absence of testimony from a witness affirming that he or she had actually seen the original copy of volume 7 on that date and that the court failed to give sufficient weight to the receipt remitted to Penna by the Board, indicating that seven volumes had been filed. We disagree.

The burden of proof in a proceeding brought to reinstate an invalidated petition is on the petitioner, who must prove the petition's validity by clear and convincing evidence (*see, Matter of McCrudden v Wilson*, 153 AD2d 726; *Matter of Goldstein v Carlsen*, 59 AD2d 642, 643, *affd* 42 NY2d 993). Here, petitioners adduced only the testimony of Penna who stated that he had no personal knowledge as to whether a seventh volume had been filed on January 4, 1996, or even as to whether such a volume had ever existed. Such testimony was insufficient to support petitioners' burden of proof here. Petitioners' failure to submit any evidence that a seventh volume actually existed when the filing occurred is relevant, not for any adverse inference that can be drawn therefrom, but to demonstrate petitioners' failure to meet their burden of proof.

Nor are we persuaded that the receipt given to Penna at the time of filing should be considered as proof that the seventh volume existed and was duly filed on January 4, 1996, given the testimony of the Board employee who accepted the petitions for filing. She testified that the numerical information she entered on the receipt was copied by her from the cover sheet of the petitions. It was not derived from an independent assessment of the number of volumes.

We also reject petitioners' alternative contention that the petition should be validated because application of the proper statutory penalty for "inadvertent" overstatements would have resulted in a sufficient number of valid signatures. Election Law § 6-134 (10) provides that an overstatement of the number of signatures on a cover sheet will not itself invalidate a designating petition, "but a number of signatures at the end of such petition * * * equal to the amount of such overstatement shall be deemed not to have been filed". The statute places a limit on the number of signatures deemed not to have been filed if certain conditions are met. The limit is 10% of the number of signatures actually filed, and the conditions are (1) that the overstatement exceeds the number of signatures actually filed by more than 10% and (2) "a court of competent jurisdiction, in a proceeding brought pursuant to [Election Law § 16-102] determines upon proper proof, that such overstatement * * * was inadvertent". The overstatement herein exceeded the 10% requirement and petitioners contend that if they failed to file the missing volume, the failure to do so was inadvertent. Thus, according to petitioners, the 10% limit is applicable.

As previously noted, petitioners bore the burden of proof in this proceeding to validate the designating petition and, therefore, they bore the burden to submit "proper proof" to establish that the overstatement was inadvertent (Election Law § 6-134 [10]). Petitioners submitted no evidence on the issue of inadvertence. Instead, they claim that inadvertence can be inferred from the circumstances. According to petitioners, there can be no reason other than inadvertence for the failure to file the seventh volume because the six volumes on file contain more than enough signatures for a valid petition. The effect of petitioners' claim is to create a presumption of inadvertence whenever the number of signatures actually filed exceeds the number required for a valid petition, which would shift the burden to respondents. Election Law § 6-134 (10), however, requires "proper proof" that the overstatement was inadvertent, and it was petitioners' burden to submit such

"proper proof", a burden they clearly did not meet. Petitioners were not entitled to the 10% limit on the number of signatures deemed not to have been filed.

Supreme Court's order should be affirmed.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.