Matter of Stora v New York City Bd. of Elections (2025 NY Slip Op 04841)

Matter of Stora v New York City Bd. of Elections

2025 NY Slip Op 04841

Decided on September 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2025-07736
 (Index No. 589/25)

[*1]In the Matter of Skiboky Stora, appellant,
v
New York City Board of Elections, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Skiboky Stora as a candidate of the Freedom Party for the public office of Mayor of the City of New York in a general election to be held on November 4, 2025, Skiboky Stora appeals from a final order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 1, 2025. The final order denied the petition, among other things, to validate the independent nominating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner, Skiboky Stora, filed an independent nominating petition with the respondent New York City Board of Elections (hereinafter the Board) nominating himself as a candidate of the Freedom Party for the public office of Mayor of the City of New York in a general election to be held on November 4, 2025. Thereafter, the respondent Rusat Ramgopal filed specifications of objections with the Board, alleging that certain signatures in the independent nominating petition were invalid. At a hearing held on June 17, 2025, the Board adopted the findings of a report of the Board's Clerk that, of the 7,819 signatures submitted in the independent nominating petition, 5,843 signatures were invalid and that, accordingly, the independent nominating petition did not contain the required number of valid signatures for the petitioner to be placed on the ballot.
Thereafter, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the independent nominating petition nominating himself as a candidate of the Freedom Party for the public office of Mayor of the City of New York. The Supreme Court denied the petition, among other things, to validate the independent nominating petition and dismissed the proceeding. The petitioner appeals.
The petitioner argues on appeal that the independent nominating petition contained 14,000 signatures, not 7,819, and that, even assuming 5,843 of those signatures were invalid, the number of signatures exceeded the 3,750 signatures required for the public office of Mayor of the City of New York (see NY City Charter § 1057-b[a][1]). "Where a petition is invalidated by the board of elections and a proceeding is instituted to reinstate the petition, the burden of proof is on the candidate to establish that the petition is valid" (Matter of Goldstein v Carlsen, 59 AD2d 642, 643, affd 42 NY2d 993; see Matter of O'Connor v Sharpe, 208 AD3d 1458, 1462; Matter of Mielnicki v New York State Bd. of Elections, 224 AD2d 819, 821; Matter of Warsoff v Cohen, 264 App Div 953). On this record, there is no basis to disturb the Supreme Court's determination that [*2]the petitioner failed to establish that the independent nominating petition contained a sufficient number of valid signatures.
The petitioner's remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court