(September 7, 1971)

■ In the Matter of NATHAN MILITZOK et al., Respondents, v. WILLIAM WEINTRAUB et al., Appellants. In the Matter of ESTELLE C. HOROWITZ, Respondent, v. WILLIAM WEINTRAUB et al., Appellants.— In consolidated proceedings pursuant to section 330 of the Election Law, judgment of the Supreme Court, Kings County, dated August 30, 1971, which invalidated certain designating petitions, reversed on the law and the facts, insofar as appealed from, without costs, and

petition dismissed; determination of the Board of Elections reinstated and appellants' names are directed to be placed on the respective ballots. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, it was an abuse of discretion for Special Term to invalidate all of the 953 signatures subscribed to by one, Sidney Rusakow, and validated by the board. The reason stated by Special Term, that one signatory to the petition was told he was signing a petition to make New York City a State, in the absence of further proof of fraud, is not a sufficient reason for invalidating all of the signatures attributed to that particular subscribing witness. Special Term likewise abused its discretion in invalidating, without specific findings, approximately 1,000 signatures not previously invalidated by the Board of Elections. The candidacy of Edward Kahne should not have been invalidated on the basis of the conclusion reached by Special Term that the misspelling of his name on the designating petition was "a deliberate attempt to gather supporters for the name Kahane". Finally, the candidacy of Selma Slepian should not have been invalidated in the absence of proof that the incorrect address was other than a typographical error. Rabin, P. J., Hopkins, Munder, Latham and Gulotta, JJ., concur.