OPINION OF THE COURT

Per Curiam.

We conclude that there is no occasion in this instance to reject the determination of Special Term, affirmed at the Appellate Division, that the petition designating petitioner as a candidate in the Liberal Party primary election to be held on September 12, 1978 for the office of Member of the Assembly from the 51st Assembly District is valid and in substantial *816 compliance with the Election Law notwithstanding an inaccuracy in the statement of his residence address.
Petitioner, Joseph Ferris, is now the Assemblyman from the 51st Assembly District. On July 27, 1978 two petitions were filed with the New York City Board of Elections, each designating Ferris as a candidate for re-election. The Democratic Party petition accurately listed Ferris’ address as 292 Windsor Place. The Liberal Party petition was inaccurate; it listed his previous address, 974 47th Street. Each petition concededly contained more than a sufficient number of valid signatures for designation.
On July 31 there were filed with the Board of Elections an authorization by the Liberal Party of the designation of Ferris as its candidate, his acceptance of the Liberal Party designation and two affidavits, one by Ferris setting forth that the address on the petition was incorrect and that the error was without his fault or knowledge, the other by the individual who prepared the designating petition stating that he had been unaware of Ferris’ change of address.
Two of the respondents herein filed objections to the Liberal Party petition based on the inaccuracy in the stated address, and the Board of Elections invalidated the petition. The candidate thereupon instituted the present proceeding to validate that petition.
At the hearing in Special Term proof was introduced by the candidate, but none on behalf of the objectants. Ferris testified that he had run for the Assembly from the 51st Assembly District in six previous primary and general elections. He further stated that no other candidate named Joseph Ferris had run for public office in the 51st Assembly District and that he knew of no other person by that name living in the district. When he ran in 1976 his address in both his Democratic and Liberal designating petitions was 974 47th Street, his then residence. On October 1, 1977 he moved to 292 Windsor Place. Special Term declared the petition valid and the Appellate Division unanimously affirmed. We conclude that there is no reason to disturb the order of the Appellate Division.
Much attention has been focused in the argument before us on the time of filing the so-called corrective affidavit — four days after the last day to file designating petitions. (Cf. Matter of Adams v Power, 22 NY2d 783.) In our analysis, however, the determinative issue is whether the designating petition *817 was initially fatally defective. The purpose of inclusion of the residence address of the candidate (Election Law, § 6-132, subd 1) is not only to facilitate the processing of his petition by the Board of Elections and to ease the task of one checking his qualification to run, but perhaps most important to assure that the signers of his petition are aware of the identity of their candidate.
Where, as here, there is no proof of any intention on the part of the candidate or of those who have solicited signatures on his behalf to mislead or confuse, and no evidence that the inaccuracy did or would lead or tend to lead to misidentification or confusion on the part of those invited to sign the petition or seeking to verify his qualification, we hold that there was warrant for the conclusion that the petition should not be invalidated. We note that there is here no explicit provision of the Election Law which manifests an intention on the part of the Legislature to mandate a literal or strict interpretation of the statute as is the case with respect to other provisions of the Election Law (e.g., § 1-106, subd 2; § 6-154, subd 2). (See Matter of Rosen v McNab, 25 NY2d 798; but, compare, Matter of Bayne v Sachs, 41 NY2d 1042 [denial of validation based in part on failure of candidate to list address].) The conclusion we have reached in this case, however, should not be interpreted as reflecting a readiness on our part to accept deviations from the literal requirements of the statute where opportunities for deception or the likelihood of confusion would be present; in such instances strict conformity would be required.
For the reasons stated, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Motion for leave to appeal granted (Aug. 30, 1978). Order affirmed, without costs.