■ In the Matter of the TOWN OF EVANS POLICE BENEVOLENT ASSOCIATION, Respondent, v TOWN OF EVANS, Appellant. — Order unanimously affirmed, with costs, for the reasons stated at Special Term, Doyle, J. (Appeal from order of Erie Supreme Court, Doyle, J. — arbitration.) Present — Dillon, P.J., Simons, Callahan, Denman and Moule, JJ.

■ GERALD F. CRAMER, Individually and as Parent and Natural Guardian of JASON CRAMER, Appellant, v TOLEDO SCALE COMPANY, INC., et al., Respondents. — Order unanimously affirmed, without costs, and without prejudice to further discovery proceedings following oral examination of defendant. (Appeal from order of Niagara Supreme Court, Kuszynski, J. — discovery.) Present — Dillon, P.J., Simons, Callahan, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIVIAN WALKER, Appellant. — Judgment unanimously affirmed. (See *People v Esteves,* 41 NY2d 826.) (Appeal from judgment of Erie Supreme Court, Marshall, J. — manslaughter, second degree.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL J. BAUGHMAN, Appellant. — Judgment unanimously affirmed. (See *People v Esteves,* 41 NY2d 826.) (Appeal from judgment of Erie Supreme Court, Marshall, J. — burglary, third degree.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. COUGHLIN, Appellant. — Judgment unanimously affirmed. (See *People v Esteves,* 41 NY2d 826.) (Appeal from judgment of Erie Supreme Court, Marshall, J. — burglary, third degree.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ.

■ In the Matter of KEITH E. RESSLER et al., Respondents-Appellants, v PHILIP D. SMOLINSKI et al., Constituting the Board of Elections of the County of Erie, Appellants-Respondents. — Order unanimously affirmed, without costs. Memorandum: Respondents appeal from an order of Special Term granting the petition to validate the designating petition of petitioners candidates on the ground that the alleged defect of failure to specify each petitioner's term of office was cured by subsequent amendment. No discussion of the effect of the amendment is necessary since the designating petition was valid as filed. Petitioners are incumbents seeking the same positions they now hold, and their names were included on the same designating petition. No possibility of deception, confusion or fraud had been shown. Subdivision 1 of section 6-132 of the Election Law contains no requirement that the term of office be specified in the designating petition. Thus the requirements of the statute have been met (see *Matter of Ferris v Sadowski,* 45 NY2d 815, 817). (Appeals from order of Erie Supreme Court, Wolf, J. — election law.) Present — Dillon, P.J., Cardamone, Callahan, Moule and Schnepp, JJ. (Decided Sept. 2, 1981.)