■ In the Matter of SONDRA M. BACHETY et al., Appellants, v WILLIAM J. CANARY, JR., et al., Respondents, and PAUL ANIBOLI, Respondent-Respondent.—In a proceeding to invalidate a petition designating Paul Aniboli as a candidate in the Right to Life Party primary election to be held on September 10, 1985 for the office of Member of the Suffolk County Legislature, 12th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated August 14, 1985, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

Paul Aniboli submitted a designating petition consisting of four pages to the Board of Elections for validation. A cover sheet was annexed thereto although none was required since the petition contained less than 10 pages. Any alleged minor error in the information contained on the cover sheet is inconsequential (Election Law § 6-134 [2]). Furthermore, the alteration of a single letter in the candidate's address as listed on the form signature sheets which changed the typed address of "103 Village Lane Rd." to read "103 Village Line Rd." clearly would not tend to confuse or mislead the signatories as to the identity of the candidate. This is especially apparent in light of appellants' concession at oral argument of the appeal that no address of "Village Lane Rd." exists in the district. Appellants also acknowledged that there was no intent to deceive the signatories or the Board of Elections by this alteration. Consequently, this change was also inconsequential and should not invalidate the designating petition (see, Ferris v Sadowski, 45 NY2d 815, 817; Matter of Scamacca v Mahoney, 104 AD2d 730). Mollen, P. J., Mangano, Thompson, Rubin and Lawrence, JJ., concur.