(March 16, 1988)

■ In the Matter of LAWRENCE S. HARFMANN, Appellant, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents.—In a proceeding to validate a petition designating Lawrence S. Harfmann as a candidate for the party position of delegate to the Republican National Convention from the 9th Congressional District supporting Robert J. Dole, the appeal is from a judgment of the Supreme Court, Queens County (Dunkin, J.), entered March 8, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The hearing court properly refused to validate all of the signatures on sheet number 161 of the designating petition where the subscribing witness had attested that the sheet contained 9 signatures when, in fact, it contained 10 signatures. Inasmuch as the requirement of Election Law § 6-132 that the subscribing witness make a signed statement as to the total number of signatures on the petition sheet to which it is appended is "[e]ssential to the integrity of the petition process" *(Matter of Jonas v Velez,* 65 NY2d 954, 955) and the record is barren of proof regarding what occasioned the irregularity in this subscribing witness's statement, the signatures set forth on this petition sheet must be deemed invalid.

Furthermore, the Board of Elections invalidation of 14 other signatures on the ground that the voters had failed to set forth their correct election district, Assembly district or residence address from which they were registered to vote was properly upheld. A failure to comply with the statutory requirement that the signer must provide, *inter alia,* "his residence address, ward (if any), election district, town or city" (Election Law § 6-130 [1]) and, "[i]n the city of New York * * * the assembly district in which the signer resides" (Election Law § 6-130 [2]) has been held to be fatal since the statutory provisions requiring such information must be strictly construed *(Matter of Rutherford v Jones,* 128 AD2d 978; *Matter of Faulstitch v Kasper,* 122 AD2d 903; *Matter of Liepshutz v Palmateer,* 112 AD2d 1101, *affd* 65 NY2d 965).

Since the invalidation of the signatures noted above resulted in an insufficient number of valid signatures, the Su-

preme Court properly dismissed this proceeding to validate the subject designating petition. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.