■ In the Matter of LAWRENCE S. HARFMANN, Appellant, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, et al., Respondents.—In a proceeding to invalidate a petition designating certain individuals as candidates in the Republican Party primary election to be held on April 19, 1988, for the party positions of delegates and alternate delegates to the 1988 Republican National Convention from the 9th Congressional District supporting George Bush, the petitioner appeals from a judgment of the Supreme Court, Queens County (Dunkin, J.), dated March 7, 1988, which denied the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner contends that the Supreme Court, Queens County, should have invalidated the subject designating petition because of errors in the names and address of certain candidates on the sheets of the designating petition and on the cover sheet. We disagree.

Although the name of the candidate Donald Adolff is indicated on the sheets of the designating petition and on the cover sheet as Donald Adolf, with one "f" instead of two, and although his address is shown as 60-61 69th Place instead of his correct address 60-61 69th Lane, there has been no showing of any intention on the part of the candidate to mislead or confuse, and no showing that the claimed inaccuracies would or did tend to mislead signatories as to the identity of the candidate (see, Matter of Ferris v Sadowski, 45 NY2d 815; Matter of Bachety v Canary, 112 AD2d 1058, lv denied 65 NY2d 607). Thus, the court correctly held that the alleged errors with respect to this candidate were de minimis.

Furthermore, although candidate Stephen Willard's name appears on the sheets of the petition and cover sheet as "Steven" Willard, the record reveals that Mr. Willard used both spellings of his first name. Again, there has been no showing of any intention on the part of this candidate to mislead or confuse, and no showing that the claimed inaccuracy would or did tend to mislead signatories as to the identity of the candidate. Therefore, the court correctly declined to invalidate the petition because of the difference in spelling (see, Matter of Gardner v Mahoney, 123 AD2d 520). Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.