■ In the Matter of MICHAEL T. BRIGANDI, Respondent, v MELVIN S. BARASCH et al., Constituting the New York State Board of Elections, Respondents, and MICHAEL S. LEVINSON, Appellant.—Per Curiam. Appeal from an order of the Supreme Court (Doran, J.), entered August 18, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Michael S. Levinson as the Republican Party candidate for the office of Member of Congress, 31st Congressional District, in the September 15, 1988 primary election.

On July 19, 1988, respondent Michael S. Levinson (hereinafter respondent) filed a petition designating him as a candidate of the Republican Party for the office of Member of Congress, 31st Congressional District, in the primary election scheduled for September 15, 1988. Thereafter, petitioner filed objections to the petition and also commenced this proceeding seeking to invalidate the petition.

Petitioner claimed, *inter alia,* that the designating petition was invalid because the place of residence for respondent was incorrect. The State Board of Elections found the petition valid. However, it specifically noted that the objection as to respondent's residence went beyond the face of the petition and therefore could not be determined by the Board. Supreme Court then held a fact-finding hearing at which both sides presented evidence and testimony. After the hearing, the court issued an order invalidating the designating petition and

removing respondent's name from the ballot for the September 15, 1988 primary election. Respondent has appealed.

We affirm. Election Law § 6-132 (1) requires a candidate to state his place of residence on the designating petition. Here, respondent listed "91 Skyline Drive, Akron, New York" as his place of residence. However, the record before us clearly supports Supreme Court's conclusion that respondent never actually resided at that address (see, *Matter of Finneran v Hayduck,* 45 NY2d 797, 798; *Matter of Blue v Wilkins,* 71 AD2d 935). Respondent's assertions to the contrary do not find support in the record. We have reviewed his remaining contentions and find them lacking in merit. Accordingly, Supreme Court's order should be affirmed.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.