■ In the Matter of Louis P. WEIN, Appellant, v J. PATRICK BARRETT, Individually and as Chairman of the New York Republican State Committee, et al., Respondents.—Per Curiam. Appeal from an order of the Supreme Court (Keniry, J.), entered August 20, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Pierre A. Rinfret as the Republican Party candidate for the office of Governor in the November 6, 1990 general election.

By order to show cause dated August 7, 1990, petitioner commenced this proceeding seeking to invalidate the nominating certificate naming respondent Pierre A. Rinfret as the Republican Party candidate for the office of Governor in the November 6, 1990 general election. Petitioner claimed that at the Republican Party State convention, respondent J. Patrick Barrett, the Chairman of respondent Republican State Committee, and Rinfret promised to remove from the party platform the party's alleged "pro-abortion" plank on the last day of the convention if petitioner agreed not to place his name in nomination for Governor and possibly force a primary election. The convention was held from May 29, 1990 to May 31, 1990 and ended without the removal of the disputed plank. Apparently believing the promise would still be kept, petitioner held off taking any action until August 2, 1990 when he called the vice-chairman of the Republican State Committee and was affirmatively told that the pro-abortion plank would not be removed.

Following the commencement of this proceeding five days later, respondents answered raising several issues including the timeliness of the petition. Election Law § 16-102 (2) provides a 10-day time limitation after the holding of a convention for the filing of certificates of nomination to commence an invalidation proceeding. Since the instant proceeding was commenced over two months after the convention was held and the filing of Rinfret's nominating certificate on June 4, 1990, respondents argued that the proceeding should be dismissed as untimely. In response, petitioner argued that a fraud had been perpetrated against him which was not uncov-

ered until August 2, 1990; therefore, the 10-day limitation contained in Election Law § 16-102 (2) should not apply to limit his claim *(see,* Election Law § 16-102 [3]). Supreme Court rejected petitioner's contentions and dismissed the proceeding as untimely. This appeal followed.

We affirm. Supreme Court properly dismissed the petition as untimely pursuant to Election Law § 16-102 (2). In rejecting petitioner's arguments, Supreme Court's factual conclusion that petitioner "knew by the close of the convention that the purported promise * * * would not be honored" is supported by the record and need not be disturbed *(see, Matter of Brigandi v Barasch,* 144 AD2d 177, *lv denied* 72 NY2d 810). We have examined the remaining issues advanced by the parties and find them to be either meritless or rendered academic by the conclusion we have reached.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.