■ In the Matter of DIETRICH WERNER, Respondent, v HARRY M. CASTIGLIONE et al., as Commissioners of the Ulster County Board of Elections, Respondents, and MARK J. BRANDHOFER, Appellant. (Proceeding No. 1.) In the Matter of TERENCE CARLE, Respondent, v HARRY M. CASTIGLIONE et al., as Commissioners of the Ulster County Board of Elections, Respondents, and DOMINICK VANACORE, Appellant. (Proceeding No. 2.) [729 NYS2d 227] —Per Curiam. Appeals (1) in proceeding No. 1 from a judgment of the Supreme Court (Kavanagh, J.), entered August 10, 2001 in Ulster County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the petition for the opportunity to ballot for the Independence Party nomination for various offices in the September 11, 2001 primary election, and (2) in proceeding No. 2 from a judgment of said court, entered August 10, 2001 in Ulster County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the petition for the opportunity to ballot for the Independence Party nomination for the office of Ulster County Legislator in Legislative District 2 in the September 11, 2001 primary election.

Initially, we have considered and reject the necessary party argument. Turning to the merits, the opportunity to ballot petitions in these proceedings contain the appropriate form for the appointment of a Committee to Receive Notices, but the space for the names and addresses of the appointees in each petition is blank. Prior to the Election Reform Act of 1992 (L 1992, ch 79), the absence of a Committee to Receive Notices was a fatal defect (*see, Matter of Krupczak v Mancini*, 153 AD2d 785), as was the absence of a Committee to Fill Vacancies in a

---

designating petition (*see, Matter of Richter v Thaler*, 11 NY2d 722). However, Election Law § 6-134, which contains the rules for designating petitions, now specifically provides that "the failure to list a committee to fill vacancies * * * shall not invalidate the petition unless a vacancy occurs which, under law, may be filled only by such a committee" (Election Law § 6-134 [8]). By amending the Election Law to so provide, "the Legislature has made clear that it does not deem a Committee to Fill Vacancies an essential element of a designating petition [and t]hus, a candidate's failure to list a Committee to Fill Vacancies on some or all of * * * his designating petition[s] will not invalidate the petition when no vacancy has occurred" (*Matter of Pascazi v New York State Bd. of Elections*, 207 AD2d 650, 652, *lv denied* 84 NY2d 802).

There is, however, no parallel provision excusing the absence of a Committee to Receive Notices in an opportunity to ballot petition. Although Election Law § 6-166 (2) provides that the form for the appointment of a Committee to Receive Notices shall be the same as the form for the appointment of a Committee to Fill Vacancies in a designating petition, the two committees, as a substantive matter, serve entirely separate and distinct purposes. Accordingly, we conclude that the absence of a Committee to Receive Notices is not subject to the provision of the Election Law which excuses the absence of a Committee to Fill Vacancies. The Committee to Receive Notices, therefore, remains an essential element of an opportunity to ballot petition and the complete absence of any such Committee is a fatal defect (*see, Matter of Ferlicca v Starkweather*, 219 AD2d 795, *lv denied* 86 NY2d 785). Accordingly, the judgments invalidating the opportunity to ballot petitions are affirmed.

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgments are affirmed, without costs.