(March 7, 2003)

■ In the Matter of THERESA SPARROW, Appellant, v CAROL RIDDICK, Respondent, and BETTY CROSS et al., Respondents. (Proceeding No. 1.) In the Matter of MICHAEL S. PERAGINE et al., Respondents, v WAYNE J. HALL et al., Appellants, and CAROL RIDDICK et al., Respondents. (Proceeding No. 2.) [755 NYS2d 886] —In separate proceedings pursuant to Election Law article 16 to (1) invalidate a certificate nominating Betty Cross and Henry Holley as candidates of the Independence Party for the public office of Village Trustee of the Village of Hempstead in an election to be held on March 18, 2003 (Proceeding No. 1), and (2) invalidate a certificate filed with the Clerk of the Village of Hempstead on January 30, 2003, nominating Wayne J. Hall and Perry Pettus as candidates of the Independence Party for the public office of Village Trustee of the Village of Hempstead in an election to be held on March 18, 2003 (Proceeding No. 2), the appeal is from a final order of the Supreme Court, Nassau County (Jonas, J.), entered February 21, 2003, which dismissed the petition in Proceeding No. 1 and granted the petition in the Proceeding No. 2, and invalidated the certificate filed with the Clerk of the Village of Hempstead on January 30, 2003, nominating Wayne J. Hall and Perry Pettus as candidates of the Independence Party for the public office of Village Trustee of the Village of Hempstead.

Ordered that the final order is affirmed, without costs or disbursements.

Theresa Sparrow, the petitioner in Proceeding No. 1, did not join the Nassau County Board of Elections (hereinafter the Board) as a party within the 10-day period of limitation set forth in Election Law § 16-102 (2). Under the circumstances of this case the Board is a necessary party and the failure to join it was a fatal defect that could not be cured after the expiration of the 10-day period (*see Matter of Marin v Board of Elections,* 67 NY2d 634 [1986]; *Matter of Curcio v Kelly,* 193 AD2d 738 [1993]). Accordingly, the Supreme Court properly dismissed Proceeding No. 1.

In Proceeding No. 2, the Supreme Court properly granted the petition and invalidated the certificate filed with the Clerk of the Village of Hempstead on January 30, 2003, nominating Wayne J. Hall and Perry Pettus as candidates of the Independence Party for the public office of Village Trustee of the Village of Hempstead (*see* Election Law § 15-108 [2] [a]).

The appellants' remaining contention is without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.