■ In the Matter of DONNA LENT et al., Respondents, v ANITA S. KATZ et al., Respondents. DANIEL LOSQUADRO, Nonparty Appellant. [763 NYS2d 507] —In a proceeding pursuant to Election Law § 16-102 to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 for the nomination of the Working Families Party for the public office of Suffolk County Legislator for the 6th Legislative District, in a primary election to be held on September 9, 2003, the appeal is from a final order of the Supreme Court, Suffolk County (Lifson, J.), dated August 8, 2003, which granted the petition and, in effect, invalidated the petition for an opportunity to ballot.

Ordered that the final order is affirmed, without costs or disbursements.

Contrary to the contention of the nonparty appellant, Daniel Losquadro, the Supreme Court properly found that he was not a necessary and indispensable party who had to be served before the expiration of the limitation period (*see* Election Law § 16-102 [2]; *Matter of Werner v Castiglione,* 286 AD2d 553 [2001]; *cf. Matter of Sparrow v Riddick,* 303 AD2d 429 [2003]).

The nonparty appellant's contention that the Supreme Court improperly, in effect, invalidated the petition for an opportunity to ballot on the ground that it failed to designate a "Committee to Receive Notices" is also without merit (*see* Election Law § 6-134 [8]). "The Committee to Receive Notices * * * remains an essential element of an opportunity to ballot petition," and under the circumstances herein, "the complete absence of any such Committee is a fatal defect" (*Matter of Werner v Castiglione, supra,* at 554; *see Matter of Ferlicca v Starkweather,* 219 AD2d 795 [1995]). Ritter, J.P., Smith, S. Miller, H. Miller and Townes, JJ., concur.