■ In the Matter of TONY EISENBERG, Appellant, v EVELYN I. STRASSER et al., Respondents, et al., Respondent. (Proceeding

No. 1.) In the Matter of EVELYN I. STRASSER et al., Respondents, v TONY EISENBERG, Appellant, et al., Respondent. (Proceeding No. 2.) [763 NYS2d 782] —In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Tony Eisenberg as a candidate at the primary election to be held September 9, 2003, for the nomination of the Democratic Party for the public office of Member of the New York City Council, 47th Council District, and a related proceeding, inter alia, to invalidate the same designating petition, which were jointly tried, Tony Eisenberg appeals from an amended final order of the Supreme Court, Kings County (Dabiri, J.), dated August 18, 2003, which denied the petition to validate, granted the petition to invalidate, and invalidated the designating petition.

Ordered that the amended final order is affirmed, without costs or disbursements.

We affirm for the reasons stated by Justice Dabiri with respect to the candidate's residency for voter registration and enrollment requirements (see Election Law § 1-104 [22]; § 6-120). However, we find that under the circumstances of this case, there is no reason to disqualify the candidate for using the name "Tony Eisenberg" in place of "Anatoly Eyzenberg." McGinity, Crane, and Cozier, JJ., concur.

S. Miller, J.P., and Rivera, J., concur in part and dissent in part, and vote to reverse the amended final order, on the law, to grant the petition to validate, to deny the petition to invalidate, and to validate the designating petition, with the following memorandum: There is no proof in this matter that the residence set forth by the candidate in his voter registration and/or his designating petition would tend to mislead or confuse the voters or those seeking to verify his qualifications or identity. Nor is there any evidence of any intention on his part to do so. Accordingly, the designating petition should not have been invalidated (see Matter of Ferris v Sadowski, 45 NY2d 815 [1978]).

It is undisputed and stipulated by the parties that neither the 621 Brighton Beach Avenue address, nor the 3821 Avenue S address, is located in the 47th Council District. However, there is no requirement that a candidate at a primary election be a resident of the district at the time of the filing of the petitions nominating or designating him or her as a candidate in the primary (Matter of Keith v King, 220 AD2d 471 [1995]). The only residency requirement is that the candidate "be a resident [of the district] at the time of the general election" (Matter of Keith v King, supra at 471-472). Since both residences

are outside of the 47th Council District, there was clearly no intention to establish a false qualification. The issue of residence is no more than a red herring.

We concur with the majority that, under the circumstances of this case, there is no reason to disqualify the candidate for using the name "Tony Eisenberg."