■ In the Matter of WANDA McCABE, Appellant, v VILLAGE OF LINDENHURST et al., Respondents, and THOMAS A. BRENNAN et al., Respondents. (Proceeding No. 1.) In the Matter of RAYMOND T. DORAN et al., Appellants, v PATRICK M. PICHICHERO, JR., et al., Respondents, et al., Respondents. (Proceeding No. 2.) [772 NYS2d 539]—In proceedings pursuant to Election Law article 16, inter alia, (1) to validate a certificate nominating Raymond T. Doran, Timothy A. Siar, Sr., and John C. Palermo as candidates of the Republican Party for certain public offices in the Incorporated Village of Lindenhurst at a village election to be held on March 16, 2004, and to invalidate a certificate nominating Thomas A. Brennan, Michael A. Lavorata, and Jodi L. Caravella as candidates of the Republican Party for certain public offices in the same village at the same election (Proceeding No. 1), and (2) to validate a certificate nominating Raymond T. Doran, Timothy A. Siar, Sr., and John C. Palermo as candidates of the Republican Party for certain public offices in the same village at the same election (Proceeding No. 2), the appeal is from a final order of the Supreme Court, Suffolk County (Lifson, J.), dated February 11, 2004, which, after a hearing, denied the petitions and dismissed the proceedings.

Ordered that the final order is affirmed, without costs or disbursements.

To the extent that the petition in Proceeding No. 1 sought to invalidate the certificate of nomination resulting from the caucus held on January 27, 2004, and related relief, that portion of that petition was properly denied for failure to timely join all necessary parties (*see Matter of Buckley v Board of Elections of Livingston County,* 265 AD2d 866 [1999]).

Since the caucus held on January 26, 2004, was not conducted by a village election chairman designated by the Suffolk County Republican Committee, the resulting certificate of nomination was invalid (*see Matter of Sparrow v Riddick,* 2003 NY Slip Op 50589 [U] [Sup Ct, Nassau County, Mar. 7, 2003], *affd* 303 AD2d 429 [2003]; Election Law § 15-108 [2] [a]). Accordingly, the Supreme Court properly denied the petition in Proceeding No. 1 to the extent that it sought to validate the certificate of nomination and related relief, and properly denied the petition in Proceeding No. 2 in its entirety. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.