■ In the Matter of JAMES MALONEY, Respondent, v ULSTER COUNTY BOARD OF ELECTIONS et al., Respondents, and MICHAEL G. BERARDI, Appellant. [800 NYS2d 249]—

Per Curiam. Appeal from an order of the Supreme Court (McCarthy, J.), entered August 5, 2005 in Ulster County, which partially granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, and declared invalid that portion of a designating petition naming respondent Michael G. Berardi as the Independence Party candidate for the office of Ulster County Legislator for the 5th Legislative District in the September 13, 2005 primary election.

Respondent Michael G. Berardi (hereinafter respondent) and respondent Brian Cahill filed a joint designating petition with respondent Ulster County Board of Elections designating them

as Independence Party candidates for the office of Ulster County Legislator for the 5th Legislative District in the September 13, 2005 primary election. Thereafter, petitioner filed objections to the designating petition and commenced this proceeding challenging its validity on the basis that respondent's place of residence was not correctly stated. Following a hearing, at which respondent acknowledged that the residence listed on the petition was his previous residence, Supreme Court declared the petition invalid with respect to respondent only. This appeal by respondent ensued.

Election Law § 6-132 (1) requires that the candidate's place of residence appear on the designating petition (*see Matter of Brigandi v Barasch*, 144 AD2d 177, 178 [1988], *lv denied* 72 NY2d 810 [1988]). While this requirement serves to aid in the administrative processing of the petition, its "perhaps most important [function is] to assure that the signers of [the] petition are aware of the identity of their candidate" (*Matter of Ferris v Sadowski*, 45 NY2d 815, 817 [1978]). Where a candidate's address is erroneously stated on the designating petition, but there is no showing of an intent by the candidate to mislead or confuse signatories as to his or her identity, nor a showing that the error would or did tend to mislead or confuse anyone, the designating petition should not be invalidated (*see id.*; *Matter of Adams v Power*, 22 NY2d 783 [1968]; *compare Matter of Eisenberg v Strasser*, 100 NY2d 590 [2003]; *Matter of Finneran v Hayduk*, 45 NY2d 797 [1978]). Inasmuch as no such showing was made here, the designating petition was improperly invalidated with respect to respondent. The fact that respondent did not file a corrective affidavit after being notified of the error is of no consequence since the "determinative issue" is whether the designating petition was fatally flawed at the time it was filed (*Matter of Ferris v Sadowski, supra* at 816-817).

Mercure, J.P., Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted the petition and invalidated the designating petition of respondent Michael G. Berardi; petition dismissed with respect to said designating petition; and, as so modified, affirmed.