■ In the Matter of JOAN PAGONES, Appellant, v JERRY IRIZARRY et al., Respondents. [928 NYS2d 467]—

Pursuant to Election Law § 6-166 (2), a petition requesting an opportunity to ballot by providing for a write-in candidate at a primary election shall include the names and addresses of at least three persons appointed as a committee to receive notices. This committee is an "essential element" of an opportunity to ballot and the "complete absence" of any such committee is a "fatal defect" (*Matter of Werner v Castiglione*, 286 AD2d 553, 554 [2001]).

Here, the petitioner contends that the petition for an opportunity to ballot should be invalidated because it lists an incorrect address for one of the three persons appointed to the Committee to Receive Notices. This contention is without merit. The record reveals that the committee member had moved from one residence within the Town of Fishkill to another residence within the Town three days before the deadline to file the petitions, and had notified the Dutchess County Board of Elections of this change of address. Under these circumstances, there was no showing of an intent to mislead or confuse signatories as to the committee member's identity, and no showing that any erroneously listed address would or did tend to mislead or confuse anyone (*see Matter of Ferris v Sadowski*, 45 NY2d 815, 817 [1978]; *Matter of Maloney v Ulster County Bd. of Elections*, 21 AD3d 692, 693 [2005]; *Matter of Petersen v Board of Elections of City of N.Y.*, 218 AD2d 776 [1995]; *Matter of Harfmann v Sachs*, 138 AD2d 550 [1988]; *compare Matter of Eisenberg v Strasser*, 100 NY2d 590, 591 [2003]). Thus, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are without merit. Mastro, J.P., Leventhal, Chambers, Roman and Miller, JJ., concur.