In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Anthony M. Gralto as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Working Families Party as its candidate for the public office of Suffolk County Legislator for the 8th Legislative District, Anthony M. Gralto appeals from a final order of the Supreme Court, Suffolk County (Mackenzie, J.), dated August 2, 2013, which granted the petition, invalidated the designating petition, and directed the Suffolk County Board of Elections to refrain from placing his name on the ballot.
Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Suffolk County Board of Elections is directed to place the name of Anthony M. Gralto on the appropriate ballot.
Pursuant to Election Law § 6-132 (1), a person seeking a nomination as a candidate must provide on the designating petition, inter alia, the name of the political party whose designation the candidate seeks. Here, the petitioners contend that Anthony M. Gralto’s designating petition was properly invalidated because it identified the “Working Family Party,” rather than the Working Families Party, as the party whose designation he sought. The petitioners contend that, while the Working Families Party is a duly constituted and properly registered political party in New York, the “Working Family Party” is not a registered or recognized political party in this state.
Although it is undisputed that the designating petition contained an error in the naming of the political party for which Gralto sought designation, a petition should not be invalidated where “there is no proof of any intention on the part of the candidate or of those who have solicited signatures on his [or her] behalf to mislead or confuse, and no evidence that the inaccuracy did or would lead or tend to lead to misidentification or confusion on the part of those invited to sign the petition” (Matter of Ferris v Sadowski, 45 NY2d 815, 817 [1978]; see Matter of *539 Shahzad v Montesano, 98 AD3d 625 [2012]; Matter of Maloney v Ulster County Bd. of Elections, 21 AD3d 692, 693 [2005]). Here, there has been no showing of any intention to mislead or confuse, and no showing that the inaccuracy in the designating petition did or would lead or tend to lead to misidentification or confusion on the part of those invited to sign the petition. Inasmuch as no such showing was made, the designating petition was improperly invalidated (see Matter of Maloney v Ulster County Bd. of Elections, 21 AD3d at 693; Matter of Harfmann v Sachs, 138 AD2d 551 [1988]).
The appellant’s remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.R, Leventhal, Chambers and Hinds-Radix, JJ., concur.