■ In the Matter of SCOTT A. MANNARINO, Respondent, v REGINA GOODBEE, Respondent, and ALBANY COUNTY BOARD OF ELECTIONS, Appellant. [970 NYS2d 835]—

Per Curiam. Appeal from an order of the Supreme Court (Connolly, J.), entered August 6, 2013 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the public office of Member of the City of Albany Common Council from the First Ward in the September 10, 2013 primary election.

Petitioner filed a designating petition with respondent Albany County Board of Elections seeking the nomination as the Democratic Party candidate for the office of Member of the City of Albany Common Council from the First Ward in the September 10, 2013 primary election. Respondent Regina Goodbee filed general objections and specifications challenging specific sheets of the petition and seeking to invalidate numerous signatures contained therein. With the exception of one sheet of the petition, the Board sustained the objections and invalidated a

number of the signatures, leaving petitioner with an insufficient number of signatures for the nomination. Petitioner then commenced this proceeding pursuant to Election Law § 16-102 to validate the designating petition. Following a hearing on the specific challenges to the petition, Supreme Court found that 138 of the signatures on the challenged sheets of the petition were valid and that this number, together with the 83 signatures that the parties had stipulated were valid, totaled 221 and exceeded the 145 signatures needed. Accordingly, the court granted petitioner's application and validated the designating petition. This appeal by the Board ensued.[1]

The objections at the crux of this appeal relate to the description of the political office being sought, the identification of the political party to which the political office relates and the spelling of petitioner's name on various sheets of the designating petition. Addressing these issues in turn, "Election Law § 6-132 (1) requires that each sheet of the designating petition state the public office or party position sought by the candidate" (*Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d 589, 590 [2000]; *see Matter of Hicks v Walsh*, 76 AD3d 773, 774 [2010]). Upon our review of the sheets of the designating petition at issue,[2] we find no merit to the claim that the title of the office is incomprehensible or otherwise inadequately set forth. The majority of the challenged sheets adequately describe the title of the office as either "Member Common Council 1 Ward City of Albany," "Member Common Council Ward 1 City of Albany," "Member of Common Council 1 Ward City of Albany NY" or "Member Common Council 1 Ward City of Albany NY." Furthermore, although certain sheets describe the office as "Council, Council," they contain other necessary identifying information so as to avoid confusion. In short, each of the challenged descriptions is " 'sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Dipple v Devine*, 218 AD2d 918, 918-919 [1995], *lv denied* 86 NY2d 704 [1995], quoting *Matter of Donnelly v McNab*, 83 AD2d 896 [1981], *lv denied* 54 NY2d 603 [1981]).

Turning to the description of the political party, the term "Democratic" appears on various sheets of the petition as

1.  Contrary to petitioner's contention, Election Law § 16-102 has no bearing on the Board's ability to bring this appeal, as that statute sets forth those individuals who can *initiate a proceeding* to challenge the nomination or designation of any candidate for any public office or party position.

2.  Although Supreme Court invalidated the signatures appearing on one sheet of the petition in which the ward number is missing, the adequacy of that description is not at issue on this appeal.

"Demoratic," "Demotatic" and "Demacatic." These minor misspellings, however, would not tend to confuse the signatories as to the political party involved and nothing in the record indicates an intent to do so (*see Matter of Cohn v Suffolk County Bd. of Elections*, 109 AD2d 538, 538 [2013]; *see generally Matter of Ferris v Sadowski*, 45 NY2d 815, 817 [1978]). Similarly, although petitioner's last name is spelled on one sheet of the petition as "Mannaurino" and on another as "Mannano," there has been no showing of any intention to mislead or confuse, nor is there any evidence that the inaccuracy would or did tend to mislead signatories as to the identity of the candidate (*see Matter of Harfmann v Sachs*, 138 AD2d 551, 551 [1988], *lv denied* 71 NY2d 803 [1988]; *see also Matter of Militzok v Weintraub*, 29 NY2d 658, 659 [1971], *affg on op below* 37 AD2d 774 [1971]; *Matter of Strasser v Eisenberg*, 307 AD2d 1053, 1054 [2003], *affd* 100 NY2d 590 [2003]). As for those objections predicated on petitioner's name being incomprehensible, they are simply not substantiated by the record.

In view of the foregoing, Supreme Court properly concluded that, with the exception of the signatures contained on the sheet of the designating petition with the missing ward number (*see* n 2, *supra*), the remaining 138 signatures should be counted, bringing the total to 221, which is substantially more than the 145 needed. Notwithstanding the Board's claim to the contrary, petitioner met his burden of demonstrating that his designating petition should be validated under the circumstances presented here (*compare Matter of Mielnicki v New York State Bd. of Elections*, 224 AD2d 819, 820 [1996], *lv denied* 87 NY2d 809 [1996]; *Matter of Goldstein v Carlsen*, 59 AD2d 642, 643 [1977], *affd* 42 NY2d 993 [1977]). We have considered the Board's remaining contentions and find them to be unavailing.

Peters, P.J., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.