In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 10, 2013, for the nomination of the Working Families Party as its candidate for the public office of Suffolk County Legislator, 6th Legislative District, Craig A. Larsen, Anita Katz, and Wayne Rogers appeal from a final order of the Supreme Court, Suffolk County (LaSalle, J.), dated August 8, 2013, which, after a hearing, granted the petition to invalidate the petition for an opportunity to ballot.
Ordered that the final order is affirmed, without costs or disbursements.
Election Law §§ 6-132, 6-164, and 6-166 collectively require that a petition for an opportunity to ballot shall include the names and addresses of at least three persons appointed as a committee to receive notices (see Matter of Cass v Krakower, 13 NY3d 118 [2009]; Matter of Pagones v Irizarry, 87 AD3d 648 [2011]). This committee is an “essential element” of an opportunity to ballot and, under the circumstances herein, the failure to designate such a committee is a “fatal defect” (Matter *561 of Werner v Castiglione, 286 AD2d 553, 554 [2001]; see Matter of Pagones v Irizarry, 87 AD3d at 649; Matter of Lent v Katz, 307 AD2d 1009 [2003]; Matter of Ferlicca v Starkweather, 219 AD2d 795 [1995]; see also Matter of Markel v Smolinski, 89 AD2d 1052 [1982]).
Accordingly, the Supreme Court properly granted the petition to invalidate the petition for an opportunity to ballot. Dickerson, J.E, Leventhal, Cohen and Hinds-Radix, JJ., concur.