In the Matter of THOMAS J. ABINANTI, Appellant, v MIKE DUFFY, Respondent, et al., Respondents. [991 NYS2d 319]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Mike Duffy as a candidate in a primary election to be held on September 9, 2014, for the nomination of the Conservative Party as its candidate for the public office of Member of the New York State Assembly for the 92nd Assembly District, the petitioner appeals, as limited by his brief, from so much of a final order of the Supreme Court, Westchester County (Connolly, J.), dated August 1, 2014, as, after a hearing, denied the petition, inter alia, to invalidate and dismissed the proceeding.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner asserts that the designating petition is invalid on the ground that it does not include the full name of the candidate, Michael K. Duffy. However, under the circumstances of this case, the petitioner did not meet his burden of showing that the use of the name "Mike Duffy" was intended to mislead or confuse potential signatories, or did, in fact, mislead or tend to lead to misidentification or confusion on the part of potential signatories as to the candidate's identity (*see Matter of Ferris v Sadowski*, 45 NY2d 815 [1978]). Therefore, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding (*see Matter of Mannarino v Goodbee*, 109 AD3d 683, 685 [2013]; *Matter of Eisenberg v Strasser*, 307 AD2d 1053, 1054 [2003], *affd* 100

NY2d 590 [2003]; *Matter of Petersen v Board of Elections of City of N.Y.*, 218 AD2d 776 [1995]).

In light of our determination, we need not reach the petitioner's remaining contention, which was raised as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Matter of MacKay v Johnson*, 54 AD3d 428, 430 [2008]). Skelos, J.P., Balkin, Austin, Sgroi and LaSalle, JJ., concur.